ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO POR CONDUCTO DE LA JUNTA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO Recurrido<br><br>v.<br><br>LUIS A. FERRAO DELGADO; Y OTROS Peticionario | TA2025CE00515 Consolidado con TA2025CE00596 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV09505<br><br>Sobre: Interferencia Torticera |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de octubre de 2025.

Comparece la señora Marta L. Acevedo Peñuela (señora Acevedo Peñuela o peticionaria) y nos solicita que revoquemos la *Resolución Interlocutoria* emitida y notificada el 27 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario o TPI). En esta, el foro primario reiteró lo resuelto en la *Resolución* emitida el 1 de agosto de 2025 y denegó la *Moción de Desestimación* interpuesta por la señora Acevedo Peñuela.

De otra parte, comparecen ante nos, la Universidad de Puerto Rico, el señor Luis A. Ferrao Delgado, el señor Wilson Crespo Valentín, el señor Julio R. Micheo Martínez, la Junta de Gobierno de la UPR, el señor Ricardo Dalmau Santana, Dr. Jorge Valentín Asencio, Dra. Mayda Velasco Bonilla, Dr. Gonzalo F. Córdova Santini, el señor Daniel Fernández González, Lcda. Terilyn Sastre Fuente, Dr. Edgard R. Resto Rodríguez, Dr. Hermán Cestero Aguilar, Dr. Raúl J. Castro Santiago y el señor Simonely Hidalgo Rodríguez (peticionarios), y nos solicitan que revoquemos la referida *Resolución*

emitida el 1 de agosto de 2025 por el TPI. En esta, el foro primario denegó las respectivas solicitudes de desestimación interpuestas por los mencionados peticionarios.

En vista de que los dos recursos están relacionados con las mismas partes y controversias, ordenamos la consolidación de estos en aras de garantizar mayor transparencia, agilidad y efectividad en el manejo de los asuntos pendientes ante nos. Véase Regla 80.1(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Tome nota la Secretaría de esta Curia y las partes, a los fines de que en todo escrito deben utilizar el epígrafe de esta *Resolución.*

Por los fundamentos que exponemos a continuación denegamos la expedición del auto de *certiorari* y ordenamos la desestimación únicamente del recurso instado por la señora Mayda Velasco Bonilla.

**I.**

Al entender sobre la causa surge que, el 15 de octubre de 2024, el Sistema de Retiro de la Universidad de Puerto Rico por conducto de la Junta de Retiro de la UPR (parte recurrida) instó una *Demanda* sobre daños y perjuicios y daños punitivos contra la Universidad de Puerto Rico (UPR), la Junta de Gobierno de la Universidad de Puerto Rico (Junta de Gobierno), oficiales y funcionarios de la UPR en su carácter personal y miembros de la Junta de Gobierno, en su carácter personal. Como parte de las alegaciones expuso que, la UPR aprobó un presupuesto para el año fiscal 2023-2024 y se asignaron unas partidas específicas para cubrir aportaciones patronales al Sistema de Retiro. Sin embargo, la parte promovente de la acción sostuvo que, los codemandados incumplieron con su obligación contractual, de ley y sus deberes de supervisión, éticos y fiduciarios e interfirieron, entorpecieron, desviaron a otros fines o simplemente omitieron el pago de

aproximadamente $38,000,000.00, sin autorización ni justificación legal alguna, fondos que estaban destinados al Sistema de Retiro. Lo antes, a sabiendas de su ilegalidad y que tal conducta perjudicaría gravemente la salud financiera y seguridad del Sistema de Retiro, ya que dependía de dichas aportaciones para cumplir con sus obligaciones. Destacó, además, que se realizaron esfuerzos para lograr el cumplimiento de las aportaciones patronales, pero sus reclamos fueron ignorados temerariamente. Como consecuencia directa de la falta de aportaciones patronales y la desviación de fondos, se tuvieron que liquidar activos para cumplir con las obligaciones corrientes, se les privó de créditos necesarios para la continuidad y solvencia del Sistema de Retiro, se le causaron pérdidas de oportunidades de inversión y se afectó y/o puso en riesgo su continuidad y solvencia. Por tal razón, alega que los demandados deben responder tanto en su carácter personal como oficial por los daños causados. A esos efectos, en la demanda se solicita resarcimiento por concepto de los daños y perjuicios que se calculan en $10,000,000.00, y la imposición de daños punitivos en una cantidad no menor de $1,000,000.00.[1]

Así las cosas y atinente al recurso número TA2025CE00596, el foro primario justipreció las siguientes mociones dispositivas, a saber: *Solicitud de Desestimación* presentada por la UPR y su Junta de Gobierno, el 31 de enero de 2025, la *Moción de Desestimación* presentada el 13 de marzo de 2025 por el señor Luis Ferrao Delgado y el señor Wilson Crespo Valentín, así como, la *Moción Uniéndose a Solicitudes de Desestimación* instada el 3 de abril de 2025 por el Dr. Gonzalo F. Córdova Santini, el Dr. Jorge Valentín Asencio, el Dr. Edgar R. Resto Rodríguez, el Dr. Hermán Cestero Aguilar, el Dr. Raúl Castro Santiago y el señor Daniel Fernández González, y la *Moción Uniéndonos a Solicitudes de Desestimación* presentada por la

---

[1] Entrada 1, SUMAC TPI.

Lcda. Terilyn Sastre Fuente y el señor Simonely Hidalgo Rodríguez, el 30 de mayo de 2025. En esencia, los proponentes de los petitorios desestimatorios basaron sus argumentos al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5). Como asunto de umbral plantearon que, los demandantes no gozan de legitimación activa para entablar la acción, ante la falta de personalidad jurídica del Sistema de Retiro de la UPR. A lo antes añadieron que, a pesar de que la Junta de Retiro sí tiene capacidad jurídica por virtud de la Ley de Fideicomisos y la Escritura de Fideicomiso #58, en este caso la parte demandante no comparece en representación del Fideicomiso o los fideicomisarios. De otra parte, argumentaron que, procede desestimar la reclamación contra los funcionarios en su capacidad personal, conforme dispone la doctrina de inmunidad condicionada. A esos efectos y dado que las alegaciones resultan insuficientes y no justifican los remedios, solicitaron la desestimación del caso según presentado.

Por otro lado y correspondiente al recurso número TA2025CE00515, la señora Acevedo Peñuela, sin someterse a la jurisdicción del tribunal, presentó su *Moción de Desestimación* al amparo de la Regla 10.2 (1) de las Reglas de Procedimiento Civil, *supra,* el 14 de agosto de 2025.[2] Ello, por entender que, la inmunidad condicionada cobija sus actos durante su gestión como representante del Director Ejecutivo de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AFFAF) en la Junta de Gobierno. Además, planteó que, fue la Junta de Gobierno quien aprobó la aportación patronal para el año fiscal 2023-2024, lo cual contradice cualquier alegación de acción ilegal de su parte, por lo que procede la inmunidad condicionada y la desestimación. Añade que, en la Demanda no se alega un solo hecho en su contra por sus acciones personales y de manera individualizada y que no hay

---

[2] *Íd.*, Entrada 103.

contenido fáctico que permita la inferencia de que la peticionaria es responsable de la conducta imputada. Por consiguiente, alegó que el reconocimiento de la inmunidad condicionada implica la inexistencia de una causa de acción en su contra.

La parte recurrida se opuso a todos los petitorios dispositivos. Alegó que, una demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. Asimismo, explicó el proceso de aprobación presupuestaria para establecer que los codemandados como personas naturales, por sí o como grupos de individuos, interfirieron, entorpecieron, desviaron a otros fines o simplemente omitieron, sin autorización ni justificación legal alguna, el pago designado. Así, los codemandados, como directores y funcionarios de la UPR, están obligados y son personalmente responsables del cumplimiento estricto de las obligaciones legales, éticas, fiduciarias, de supervisión y contractuales que les impone el ejercicio y los deberes de sus cargos en la UPR.

Arguyó que, no es necesario que la Demanda contenga una exposición minuciosa o excesivamente detallada de los hechos que se le imputan individualmente a cada uno de los codemandados. Sino que, cuando se trata de codemandados que participaron de forma solidaria o colectiva en los mismos actos u omisiones, basta con que la demanda describa de forma general la conducta atribuida al grupo, siempre que se establezca que todos los codemandados participaron, contribuyeron o se beneficiaron de la conducta alegada.

En cuanto a la inmunidad del Estado y los funcionarios públicos dispuso que, aunque los funcionarios gozan de inmunidad por las acciones u omisiones en el desempeño de su empleo, esa inmunidad no exime automáticamente de responsabilidad a los funcionarios públicos en su carácter personal. Esto es, mientras que

el Estado puede responder por los actos culposos de sus empleados, el funcionario, por la inmunidad condicionada, puede ser personalmente responsable, únicamente, cuando se sobrepasan los límites de la discreción protegida: actos dolosos, fraudulentos, maliciosos o delictivos, o actuaciones que, aun en buena fe, resulten manifiestamente irrazonables frente a las leyes vigentes.

A tales efectos, la parte recurrida argumentó que la UPR, su Junta de Gobierno y sus funcionarios y empleados, están legalmente obligados, de acuerdo con la Escritura de Fideicomiso del Sistema de Retiro #58, el Reglamento del Sistema de Retiro, la Ley de la Universidad de Puerto Rico y su Reglamento, la Ley de Ética Gubernamental, los presupuestos certificados por la Junta de Supervisión y Administración Financiera para Puerto Rico y las certificaciones de la Junta de Gobierno de la UPR, a realizar aportaciones patronales periódicas y adecuadas que sostengan la solvencia del Sistema de Retiro. En particular, destacó lo resuelto por un panel hermano en el recurso número KLAN201900304 mediante *Sentencia* en que reconoció la personalidad y capacidad jurídica de la Junta de Retiro para instar una reclamación de similar naturaleza. Dicha *Sentencia* es final y firme, toda vez que, el Tribunal Supremo denegó la expedición del auto mediante *Resolución* emitida el 5 de febrero de 2021 y el correspondiente mandato fue expedido el 28 de mayo de 2021.

Al declarar sin lugar los referidos petitorios, el TPI mediante una primera *Resolución* emitida el 1 de agosto de 2025, consideró que la Junta de Retiro tiene capacidad jurídica y que las alegaciones de los peticionarios sobre los alegados actos y omisiones resultan suficientes, conforme los criterios establecidos en la Regla 10.2, *supra,* y su jurisprudencia interpretativa.

Asimismo, y referente al recurso número TA2025CE00515, el TPI mediante *Resolución* emitida el 27 de agosto de 2025, declaró No

Ha Lugar el petitorio dispositivo de la señora Acevedo Peñuela.[3] Allí, el foro primario destacó lo resuelto en la *Resolución* emitida el 1 de agosto de 2025. Consignó que, las alegaciones de hechos bien formuladas y tomadas como ciertas ubican las actuaciones de todos los codemandados dentro de las excepciones a la doctrina de inmunidad condicionada lo cual impide la desestimación en esta etapa de los procesos.[4]

Inconforme, el 26 de septiembre de 2025, la señora Acevedo Peñuela acude ante nos mediante el recurso número TA2025CE00515 y señala lo siguiente:

> Erró el TPI al no desestimar la reclamación en contra de Acevedo en su carácter personal al no aplicar la inmunidad condicionada ya que de la Demanda no surgen alegaciones de hechos específicas, concretas y plausibles en contra de la peticionaria.

Por su parte, la UPR y los demás integrantes de la Junta de Gobierno comparecen en el recurso número TA2025CE00596 y señalan lo siguiente:

> Erró el TPI al no desestimar la demanda contra el sistema de retiro a[l] esta no poseer capacidad jurídica para ventilar una reclamación.

> Erró el TPI al no desestimar la demanda contra los funcionarios en su capacidad personal a base de la doctrina de inmunidad condicionada.

> Erró el TPI al entender que la demanda contiene suficientes alegaciones contra los funcionarios individuales para ventilar una demanda contra estos.

En cumplimiento con nuestra *Resolución* emitida el 30 de septiembre de 2025 en el recurso número TA2025CE00515, comparece la parte recurrida, Sistema de Retiro de la Universidad de Puerto Rico, por conducto de la Junta de Retiro de la Universidad de Puerto Rico, mediante una *Oposición a Expedición de Recurso de*

---

[3] *Íd.*, Entrada 133. En ese mismo día, el Tribunal declaró No Ha Lugar la *Moción de Desestimación* del codemandado, el señor Micheo, al ordenar que se refiriese a la *Resolución Interlocutoria*, Entrada 134. El 11 de septiembre de 2025, el señor Micheo presentó una *Moción de Reconsideración* la cual fue declarada No Ha Lugar, Entrada 147 y 148.

[4] *Íd.*, Entrada 92. El 18 de agosto de 2025, la UPR y los integrantes de la Junta de Gobierno presentaron *Solicitud de Reconsideración*, Entrada 113. Por su parte, el 27 de agosto de 2025 la parte demandante presentó su *Oposición a la Solicitud de Reconsideración,* Entrada 135. El foro primario emitió *Resolución* denegando la solicitud de reconsideración, el 9 de septiembre de 2025, Entrada 144.

*Certiorari,* presentada el 9 de octubre de 2025. La señora Acevedo Peñuela reacciona mediante *Réplica a Oposición a Petición de Certiorari* instada el 20 de octubre de 2025. De otra parte y con relación al recurso número TA2025CE00596, la parte recurrida nos acredita su oposición a la expedición del auto de *certiorari,* el 22 de octubre de 2025. En particular solicita la desestimación del recurso en cuanto a la señora Mayda Velasco Bonilla. Ello, por entender que la señora Velasco Bonilla no fue parte de los petitorios dispositivos cuestionados en el presente recurso y, en su consecuencia, no existe un dictamen recurrido correspondiente a ella. En ambos alegatos en oposición, nos informa que recientemente presentó ante el TPI una demanda enmendada que sustituye la totalidad de la demanda original objeto del presente recurso de epígrafe. A su entender y ante el cambio en el cuadro fáctico procesal, procede aplicar la doctrina de academicidad, en aras de disponer de la causa apelativa. En la alternativa sostiene que, no procede la expedición del auto de *certiorari* como cuestión de derecho.  Con el beneficio de las posturas de las partes, procedemos a resolver.

**II.**

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

Nos corresponde resolver, en esta etapa de los procedimientos, si el TPI actuó arbitrariamente o en exceso de su discreción al negarse a desestimar la causa instada contra los aquí peticionarios, al amparo de la Regla 10.2(5) *supra.*

Los peticionarios plantean que, la parte recurrida se ha limitado a consignar en su demanda, referencias generales a las gestiones de los demandados que, presuntamente, se relacionan a las aportaciones patronales al sistema de retiro y el presupuesto aprobado para la UPR, en contravención de la ley y los reglamentos. Arguyen que, la parte promovente de la acción sobre daños y perjuicios no goza de capacidad jurídica para representar el Sistema

de Retiro y centra las alegaciones sobre las funciones oficiales de los peticionarios, las cuales -a su entender- no corresponden a los supuestos actos imputados en su carácter personal y mucho menos en el caso de la señora Acevedo Peñuela, quien ejerció su función como representante de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AFFAF) en la Junta de Gobierno de la UPR. En su consecuencia sostienen que, el TPI incidió al no aplicar correctamente la doctrina de inmunidad condicionada para disponer de la causa instada.

En reacción, la recurrida arguye que, no procede nuestra intervención con el dictamen recurrido. En particular resalta que, recientemente presentó una demanda enmendada, la cual sustituye íntegramente la demanda original, por lo que, el recurso ante nos resulta improcedente por ser académico. En la alternativa, arguye que, en esta etapa procesal solo se requiere una exposición clara y sucinta de los hechos que fundamentan la reclamación y el remedio al amparo de las Reglas 6.1 y 10.2 de las Reglas de Procedimiento Civil, *supra.* Sostiene que, la Junta de Retiro goza de capacidad jurídica, y la legitimación activa necesaria para promover la demanda y los remedios solicitados. Además, plantea que, la demanda instada se basa sobre los actos y omisiones de todos los demandados, tanto en su carácter personal y oficial, ante las claras violaciones de los deberes legales perpetrados por ellos y que no están cobijadas por la doctrina de inmunidad condicionada.

De nuestro examen de los pronunciamientos aquí impugnados, observamos que, luego de consignar el derecho aplicable a la Regla 10.2, *supra,* la doctrina de legitimación activa, la Ley de Fideicomisos, así como la figura de la Escritura de Fideicomiso, el foro primario concluyó que la Junta de Retiro, según el Artículo I, sección 1.2 de la Escritura de Fideicomiso núm. 58, representa a los participantes y retirados, en cuanto al Plan de

Pensiones, por lo que, cuenta con legitimación activa en este caso. Superado lo anterior, determinó que, en esta etapa de los procedimientos, tomando como ciertas las alegaciones de la demanda, las mismas resultan suficientes para autorizar la continuación de los procedimientos de rigor.

Hemos deliberado sobre las posturas de las partes, al amparo de los criterios establecidos para que esta Curia expida un auto de *certiorari* bajo la Regla 40 de nuestro Reglamento, *supra*, y tomando en consideración lo expuesto por el foro primario y el hecho que la parte recurrida presentó una demanda enmendada, no hallamos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de Derecho al denegar los petitorios dispositivos correspondientes a la demanda original. En virtud de lo anterior, resolvemos no intervenir con la *Resolución Interlocutoria* emitida el 1 de agosto de 2025, así como la *Resolución* emitida el 27 de agosto de 2025, en esta etapa de los procedimientos.

Ahora bien, examinada la solicitud interpuesta por la parte recurrida para que esta Curia ordene la desestimación del recurso presentado a nombre de la señora Velasco Bonilla, procedemos conforme nos autoriza la Regla 7 (B) (5) y 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*. De un examen del expediente ante nos observamos que, el foro primario no incluyó referencia alguna a la señora Velasco Bonilla en su dictamen emitido el 1 de agosto de 2025 y mucho menos en la *Resolución* emitida el 27 de agosto de 2025 que versa sobre el petitorio promovido por la señora Acevedo Peñuela.[5] Por ello, en ausencia a dictamen alguno por revisar procede la desestimación del recurso únicamente en cuanto a dicha

---

[5] *Íd*, Entrada 93. Mediante *Resolución* emitida el 1 de agosto de 2025, se le anotó la rebeldía a la señora Velasco Bonilla. A solicitud de dicha parte, se dejó sin efecto la misma por *Orden* emitida el 29 de agosto de 2025 [Entrada 143] y, en cumplimiento, acreditó su alegación responsiva, el 15 de septiembre de 2025, Entrada 149.

parte por falta de jurisdicción. Véase, además, lo resuelto en *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020). Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022).

**IV.**

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari* según presentado en el recurso número TA2025CE00515 consolidado con el recurso número TA2025CE00596. De otra parte, desestimamos el recurso instado correspondiente a la señora Mayda Velasco Bonilla por falta de jurisdicción. Lo antes no prejuzga cualquier asunto ulterior o pendiente ante la atención del foro primario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones